**Joseph RUSSELL, Plaintiff–Appellant,**

v.

**84TH PRECINCT, CITY OF NEW YORK, Christopher Edwards P.O., Defendants–Appellees.**

No. 05–0348–CV.

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Joseph Russell, Dannemora, NY, for Appellant, pro se.

Drake A. Colley, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel, Edward F.X. Hart, Assistant Corporation Counsel, on the brief), Office of the Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: NEWMAN, CABRANES and HALL, Circuit Judges.

## SUMMARY ORDER

On August 20, 2002, Cheryl A. Jones reported to the police that she had just been assaulted by plaintiff Joseph Russell in a vehicle on the street. Jones' allegations were corroborated by the account of Traffic Enforcement Officer Raymond Murray who had witnessed the incident and by the fact that the police found Russell changing his shirt in the vestibule of a building after fleeing the scene of the altercation. Russell was arrested and prosecuted for the August 20 incident, as well as for an August 11, 2002 assault of Jones that had occurred in Queens. The charges relating to the August 11 incident were adjudicated in Queens County Supreme Court, where, following a jury trial, Russell was convicted of assault in the first degree and assault in the second degree. The Kings County Criminal Court adjourned in contemplation of dismissal the charges relating to the August 20 incident, and those charges were ultimately dismissed. Russell brought this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York, claiming that he had been arrested on false charges in connection with the August 20 incident. Defendants moved for judgment on the pleadings or in the alternative for summary judgment.

The District Court granted defendants' motion for summary judgment because Police Officer Christopher Edwards had probable cause to arrest Russell on August 20, 2002. The District Court determined that because "[i]t was reasonable for Officer Edwards to provisionally accept the statements of the victim and the traffic enforcement agent," the officer possessed "good cause to arrest, confine and to take appropriate steps to commence a prosecution." *Russell v. Eighty Fourth Precinct,* No. 03–CV–6179, 2004 WL 2504646, at *3–*4 (E.D.N.Y. Nov.8, 2004). In addition, the District Court determined that the Eighty–Fourth Precinct was not an entity subject to suit and that no claim had been stated against the City of New York pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as neither the allegations nor the evidence suggested any improper municipal practice.

For substantially the reasons set forth in the District Court's Memorandum, Judgment & Order of November 8, 2004, we conclude upon *de novo* review, *see Conn. Dep't of Social Servs. v. Leavitt,* 428 F.3d 138, 143 (2d Cir.2005), that "there is no genuine issue as to any material fact and that [defendants are] entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Accordingly, defendants' motion for summary judgment was properly granted, and we AFFIRM the judgment of the District Court.